**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1324
_____

DENYS DAVYDOV, AKA Denis Davydov,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A076-564-226)
Immigration Judge:  Honorable Jack H. Weil
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 20, 2020
Before:  AMBRO, GREENAWAY, JR. and PORTER, Circuit Judges

(Opinion filed: August 11, 2020)
_____

OPINION[*]
_____

PER CURIAM

        Petitioner Denys Davydov, a citizen of Ukraine, was charged as removable under

INA § 237(a)(2)(B)(i) for having a conviction of a controlled substance violation.  AR

925-26, 1453.  He subsequently applied for cancellation of removal, asylum, withholding

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

of removal, and protection under the Convention Against Torture ("CAT") on the basis of his Jewish religion.

Before an Immigration Judges ("IJ"), who sustained the controlled substance charge, Davydov testified that he arrived in the United States from Ukraine in 1996 when he was 11 years old. AR 288. He did not remember ever practicing Judaism or attending a synagogue in Ukraine, AR 291, nor did he ever face any persecution there because of his religion, AR 296, and he did not practice Judaism in the United States, AR 293. Davydov did not have any personal knowledge of specific Jewish persecution occurring within the last several years, AR 299, and did not personally know anyone suffering from anti-Semitism, AR 294, but had heard that Jews were being persecuted in Ukraine. Davydov also noted that when he was younger, his mother would tell him to hide the fact that he was Jewish. AR 290. In support of his application for cancellation of removal, Davydov testified about the hardship he would face as he has no family in Ukraine, does not speak the language, and would likely not be able to see his mother again. AR 217, 218.

The IJ denied relief on all grounds. He determined that Davydov did not merit discretionary cancellation of removal because the negative factors—namely Davydov's two controlled substance convictions and continued drug use—outweighed the positive factors. The IJ also held that Davydov was not eligible for asylum or withholding of removal because he had not demonstrated a well-founded fear of persecution and was

_____

constitute binding precedent.

ineligible for CAT relief because he had not demonstrated that he would face torture with the Ukrainian government's acquiescence or consent. The BIA agreed and affirmed. This petition for review followed.

We have jurisdiction to review final orders of removal. See 8 U.S.C. § 1252(a)(1). "When the BIA issues a separate opinion," as it did here, "we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA defers to it." Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010). We review the agency's findings of fact for substantial evidence, considering whether it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998). The decision must be affirmed "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (citation omitted).

Regarding the denial of cancellation of removal, such a ruling in this context is not reviewable. See 8 U.S.C. § 1252(a)(2)(B)(i). This Court may only review questions of law or constitutional claims arising from the denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(D). Davydov has challenged merely the weighing of equities against him, which is not a question of law. See Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007).

Davydov next challenges the IJ's determination that he was ineligible for asylum. To establish eligibility for asylum, Davydov was required to demonstrate a well-founded

3

fear of future persecution on account of his Jewish religion.[1]  See Wang v. Gonzales, 405

F.3d 134, 138-39 (3d Cir. 2005).  To do so, he must "show that a reasonable person in his

position would fear persecution, either because he would be individually singled out for

persecution or because there is a pattern or practice in his home country of persecution

against a group of which he is a member."  Huang, 620 F.3d at 381 (citation and internal

quotation marks omitted).

Substantial evidence supports the BIA's conclusion that Davydov was not entitled

to asylum.  He failed to show either a reasonable possibility that he will suffer

persecution in Ukraine or that a reasonable person in his situation would fear persecution.

He presented no evidence that he would be singled out for persecution, as he has not been

threatened in any way and does not know anyone who has been persecuted in Ukraine.

The basis of Davydov's claim is that Jews are generally persecuted in Ukraine, but he did

not testify to any specific acts of persecution and the objective evidence does not support

his assertion.  Davydov submitted numerous articles detailing acts of vandalism against

Jewish people and anti-Semitic marches.  See e.g., AR 548-53, 554-56, 557-59, 560.

However, as the IJ and BIA determined, those isolated events are not sufficient to

establish a pattern or practice of persecution against Jews because they are not (and

Davydov has not argued that they are) "systemic, pervasive, or organized."  Wong v.

Att'y Gen., 539 F.3d 225, 233 (3d Cir. 2008) (abrogated on other grounds).  The Country

_____

[1] Davydov did not challenge the IJ's determination that he has not shown past
persecution.

4

Condition Reports additionally indicate that the Ukrainian Constitution protects freedom of religion, AR 387, that government officials have denounced acts of anti-Semitism, AR 388, and that "Jewish community pilgrimages to most Jewish holy sites were all peaceful," AR 389.

Because he failed to meet his burden for establishing an entitlement to asylum, Davydov also failed to establish the higher burden required for withholding of removal. See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003).

Finally, with regard to his CAT claim, Davydov was required to show that "it is more likely than not" that he would be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," if he were deported. See 8 C.F.R. §§ 1208.16(c)(2), 1208.18; Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002). As the IJ and BIA rightly observed, neither the record evidence nor Davydov's speculative testimony established that Jews were commonly tortured in Ukraine or that Davydov would be specifically targeted. And though Davydov submitted some articles showing that certain public officials have espoused anti-Semitic views, he has not shown that the government would acquiesce even if he were tortured.

Accordingly, we will deny the petition for review.